UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 5:17–CR–380–DAE (2) |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| VERNON C. FARTHING, III, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER GRANTING IN PART, DENYING IN PART, DENYING AS MOOT IN PART, AND DENYING WITHOUT PREJUDICE IN PART DEFENDANT'S MOTION TO INSPECT RECORDS OF GRAND JURY AND PETIT JURY LISTS AND SELECTION RECORDS

Before the Court is Defendant Vernon C. Farthing, III's ("Defendant" or "Farthing") Motion to Inspect Records of Grand Jury and Petit Jury Lists and Selection Records, filed on September 13, 2018. (Dkt. # 87.) On September 21, 2018, the Government filed a response in opposition (Dkt. # 92); Defendant filed a reply the same day (Dkt. # 93). After carefully considering the matters presented in the motion and its response and reply, the Court **GRANTS IN PART**, **DENIES IN PART**, **DENIES AS MOOT IN PART**, and **DENIES WITHOUT PREJUDICE IN PART** Defendant's Motion (Dkt. # 87).

On September 11, 2018, the Court granted Farthing's unopposed motion to produce a copy of the Court's Report on Operation of the Jury Selection

Plan.  (Dkt. # 85.)  Subsequent to his inspection of that report, Farthing now requests that the Court order the production of documents and information relating to the selection of the grand jurors and selection of the petit jurors from which the jury panel in this case will be selected, as well as records for the previous ten years for the same.  (Dkt. # 87.)  Farthing asserts that he has a right to inspect these documents pursuant to the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 *et seq*.  (Id.)  He contends that he is entitled to inspect the records as requested in order to investigate challenges he may make to the jury selection procedures.  (Id.)

## APPLICABLE LAW

The Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861 *et seq*. ("JSSA") provides that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district . . . wherein the court convenes."  28 U.S.C. § 1861.  It requires district courts to devise a plan for random jury selection that ensures the random selection of a fair cross section of the community.  Id. § 1863(b)(3).

Section 1867 specifies the procedures for challenging jury selection procedures under the JSSA.  See id. § 1867.  Section 1867(f) provides that:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be

2

> disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

Id. § 1867(f).

In Test v. United States, 420 U.S. 28 (1975), the Supreme Court stated that § 1867(f) "makes clear that a litigant has essentially an unqualified right to inspect jury lists" and "grants access in order to aid parties in the 'preparation' of motions challenging jury-selection procedures." Id. at 30. The Supreme Court reasoned that, "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge," so, as a result, "an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose." Id.

Moreover, "[b]ecause the right of access to jury selection records is 'unqualified,' a district court may not premise the grant or denial of a motion to inspect upon a showing of probable success on the merits of a challenge to the jury selection provisions." United States v. Royal, 100 F.3d 1019, 1025 (1st Cir. 1996); see also United States v. Potts, 538 F. App'x 434, 437 (5th Cir. 2013) (holding

3

Case 5:17-cr-00380-DAE Document 94 Filed 09/25/18 Page 4 of 13

that, because right to inspect is unqualified, no prima facie case of defective jury selection is necessary); United States v. Savage, CA Nos. 07–550–03, 07–550–04, 07–550–05, 07–550–06, 2012 WL 4616099, at *5 (E.D. Pa. Oct. 2, 2012) ("A defendant need only allege that he is preparing a motion to challenge the jury selection process in order to avail himself of the right of access to jury selection records." (internal quotation marks and citation omitted)).

Nonetheless, the right to access material under the JSSA is not unfettered. See United States v. Gotti, No. S8 02CR743(RCC), 2004 WL 2274712, at *6 (S.D.N.Y. Oct. 7, 2004); accord United States v. Davis, No. 06 CR. 911, 2009 WL 637164, at *15–16 (S.D.N.Y. Mar. 11, 2009) (observing that "there is no absolute right of access to all materials relating to grand jury selection" and disclosing only "the District's Master Plan for jury selection"). A defendant's "unqualified right to records or papers encompasses only such data as [a defendant] needs to challenge the jury selection process." United States v. O'Reilly, No. 05-CR-80025, 2008 WL 115537, at *3 (E.D. Mich. Jan. 10, 2008), order clarified on reconsideration, No. 05-80025, 2008 WL 283999 (E.D. Mich. Feb. 1, 2008). In other words, "[t]he JSSA is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court." Savage, 2012 WL 4616099, at *5; see also United States v. Miller, 116 F.3d 641, 658 (2d Cir. 1997) (§ 1867(f) requires access "only to records and papers already in

4

existence," but "nothing . . . entitles defendants to require the jury administrator to analyze data on their behalf.").

## ANALYSIS

Farthing's motion indicates that disclosure of the requested material related to the jury selection process is necessary to ensure whether the grand and petit juries within the Western District of Texas, San Antonio Division, are selected from a fair cross-section of the community. (Dkt. # 87.) Additionally, Farthing's reply to the motion suggests that it "requested and received data indicating an absolute disparity of perhaps twenty percent or more between the Hispanics in the San Antonio division and those in the pool of grand and petit jurors." (Dkt. # 93.) Thus, Farthing requests the information in order to prepare himself for a motion to dismiss the indictment on this basis. (Id.)

The Government responds that Farthing does not seek any information that would aid him in a motion to dismiss the indictment based on a failure to comply with the procedures for selecting grand jurors. (Dkt. # 92.) Instead, the Government contends that the motion is frivolous. (Id.) Nevertheless, the Government agrees that Farthing is entitled to limited, basic information from the Master Jury Wheel for the selection of grand and petit juries for the San Antonio Division associated with his specific case. (Id. at 9.) The Government adds, however, that Farthing's "laundry list of expansive requests . . . go far

5

beyond what he would ever be entitled." (Id.)  The Government requests that Defendant be entitled only to the juror identification number, race, and county of residence.  (Id.)

Farthing's statement that he is preparing to file a motion challenging the jury selection process is all that is required to obtain access to certain materials under § 1867(f).  See, e.g., Royal, 100 F.3d at 1025.  This does not mean, however, that he is entitled to all the information that he seeks.  See, e.g., Gotti, 2004 WL 2274712, at *6.  Each of Farthing's requests is addressed below.

**A. Source list or lists for the master jury wheels, the District and Division juror selection plan, jury administrator, jury department, and court services supervisor records concerning jury selection for grand juries and petit juries, the procedures employed when mailed or emailed questionnaires sent via an electronic link are returned and/or receive no response, and all administrative orders concerning jury selection for grand juries and petit juries.**

To the extent Farthing requests additional information separate from the Court's Report on Operation of the Jury Selection Plan which has already been provided to Farthing, the Court will grant the remainder of his request.  Farthing may receive the plans, procedures, and records of this Court's process in selecting grand and petit jurors, as well as administrative orders concerning the same.  No identifying information of any juror or potential juror shall be disclosed.  The Court will order that, to the extent it is available, only juror/participant

6

identification numbers, race or national origin, and county of residence be disclosed.

**B. The complete names of the persons drawn from the master jury wheel for potential service on a grand jury or petit jury who were selected for the qualified wheel and were mailed questionnaires to create the qualified jury wheel members.**

Farthing may receive the requested information for the *current* master jury wheel,[1] provided that no identifying information of any juror or potential juror shall be disclosed. The Court will order that, to the extent it is available, only juror/participant identification numbers, race or national origin, and county of residence be disclosed for each juror on the list.

**C. The names of persons on the qualified jury wheel.**

The Court will deny the request for any names of persons on the qualified jury wheel. Only juror/participant identification numbers, race or national origin, and county of residence shall be disclosed for any juror on the *current* qualified jury wheel.

**D. The names of persons drawn from the master jury wheel for potential service on a grand jury or petit jury along with copies of all summonses issued to such persons for potential service on a grand jury or petit jury.**

---

[1] The current jury wheel normally encompasses two-years' worth of information; the current jury wheel began in September 2017, and goes through September 30, 2019. The Court denies Farthing's request beyond the current jury wheel.

Farthing may receive the requested information for the *current* qualified jury wheel, provided that no identifying information of any juror or potential juror shall be disclosed. The Court will order that, to the extent it is available, only juror/participant identification numbers, race or national origin, and county of residence be disclosed for each juror on the list.

**E. The juror qualification questionnaires/forms returned completed, undeliverable, and nonresponses by all persons whose names were drawn from the master jury wheel for potential service on a grand jury or petit jury as well as other documents relating to determinations of qualifications for service on a grand jury or petit jury.**

Farthing may receive the requested information for only the time encompassed by the *current* jury wheel discussed above, provided that no identifying information of any juror or potential juror shall be disclosed. The Court will order that, to the extent it is available, only juror/participant identification numbers, race or national origin, and county of residence be disclosed for each juror or potential juror.

**F. All documents and other information relating to any disqualifications, exemptions, excusals, postponement or exclusions requested, granted, or ordered from service on a grand jury and petit jury after issuance of the summonses. This request is particularly important because it represents a non-random phase of the jury selection process.**

Farthing may receive the requested information for only the time encompassed by the *current* jury wheel discussed above, provided that no identifying information of any juror or potential juror shall be disclosed. The

Court will order that, to the extent it is available, only juror/participant identification numbers, race or national origin, and county of residence be disclosed for each juror or potential juror.

> **G. The transcript, audio recording, or other record of any introductory remarks, voir dire, or similar proceeding concerning a grand jury and petit jury conducted by the court, the clerk of the court, or any other governmental official, including (without limitation) any inquiry to determine the potential bias of members of the grand jury or petit jury. This request is particularly important because it represents a non-random phase of the jury selection process.**

The Court will deny this request without prejudice. This request contains information that can only be obtained from individual court reporters at the relevant court proceedings. Should Farthing demonstrate a need for this information after he receives any requested information for which he is entitled in this Order, the Court will reconsider this request.

> **H. All documents and other information relating to any disqualification, exemption, excusal, or exclusion of any member of a grand jury or petit jury after empanelment. This request is particularly important because it represents a non-random phase of the jury selection process.**

The Court will deny this request as moot. No such documents or information exists for the time encompassed by the *current* jury wheel discussed above (*i.e.* the time the Court will allow any documents, information, or records to be produced to Farthing).

**I. All documents and other information relating to the selection of any persons who became members of a grand jury or petit jury after empanelment (for example, to replace members who were excused after empanelment) and of an on-call procedure is employed, the procedure and its results on any occasions in which it was employed over the last ten years including the grand jury and petit jury in this case. This request is particularly important because it represents a non-random phase of the jury selection process.**

The Court will deny this request as moot. No such documents or information exists for the time encompassed by the *current* jury wheel discussed above (*i.e.* the time the Court will allow any documents, information, or records to be produced to Farthing).

**J. All random sample of questionnaires taken to test whether the division's qualified wheel correctly reflects the proportion of invidious groups in the community and Jury Management System reports from the District's Jury Department regarding representation of groups on the qualified jury wheel.**

The Court will deny this request as moot. The Administrative Office of the U.S. Courts no longer employs this method of jury selection.

To the extent that Farthing requests any additional information not covered by the Court's responses above, the Court will deny without prejudice those requests. Farthing may seek renewal of those requests pursuant to an adequately supported motion under the JSSA, pursuant to 28 U.S.C. § 1867. The Court notes, however, that this Order should not be construed as a finding that any such motion would be timely. Section 1867(a) governs the timing of such a challenge brought under the JSSA:

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered *or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier*, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

18 U.S.C. § 1867(a) (emphasis added). District courts have observed that "Congress did foresee that such as motion as this could be used for seeking delay in the trial of the case and therefore limited the time for filing such a motion challenging the jury." See, e.g., United States v. Long, 88 F.R.D. 701, 703 (W.D. Pa. 1981) (finding motion untimely because defendants filed it more than seven days after the filing of an "affidavit made by the investigator looking into matters concerning the jury system in this district," which tended to show that defendants knew of grounds on which they brought motion when affidavit was filed), aff'd 676 F.2d 688 (3d Cir. 1982). Therefore, "[s]trict compliance with the statutory procedures relating to timeliness of the motion is required." United States v. Stone, NO. Crim.A. 93-00131, 1993 WL 246047, at *3 (E.D. Pa. June 30, 1993) (concluding that motion was untimely in June 1993 when the challenged practice of supplementing voter lists was made in January 1993 and counsel began representing defendants in April 1993). Additionally, the Court informs Defendant of the substantial effort and time consumed by the Clerk's Office of this Court in compiling the materials requested.

11

## PROTECTIVE ORDER

The disclosure of the above-materials is subject to the following protective order:

1. The material may only be used in connection with the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures.  The materials may not be used for purposes of jury selection, trial, or any other matter other than the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures.  The materials must be either returned to the Court at the commencement of jury selection or counsel must certify that the materials have been destroyed and that no materials have been retained in any duplicative form.
2. Consistent with § 1867(f), the materials may not be disclosed, shown or distributed to any third parties, except the Government may receive a copy in reciprocation.  The materials shall be designated **ATTORNEY'S EYES ONLY.**
3. Farthing shall not possess the materials at any time, except when reviewing the materials with counsel.  If applicable, the materials may not be carried into or reviewed in any jail facility.
4. Any attorney who accesses the materials is personally responsible for not only his or her compliance with this Protective Order, but also his or her

client's compliance with this Protective Order and compliance by any staff member or other person who is shown the materials consistent with the parameters of this Order.  Counsel is reminded that "[a]ny person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both." 28 U.S.C. § 1867(f).

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART**, **DENIES IN PART**, **DENIES AS MOOT IN PART**, and **DENIES WITHOUT PREJUDICE IN PART** Farthing's Motion to Inspect Records of Grand Jury and Petit Jury Lists and Selection Records.  (Dkt. # 87.)  Farthing's counsel and counsel for the Government may coordinate with the Clerk's Office of this Court after September 27, 2018,[2] to obtain the materials identified above in the attorney work-room of this courthouse.

**IT IS SO ORDERED**.

**DATE:** San Antonio, Texas, September 25, 2018.

_____
David Alan Ezra
Senior United States Distict Judge

---

[2] Given the number of requests and the redactions needed, the Clerk's Office will need time to gather the requested materials.

13