UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:17-CR-00380-DAE |
| | § | |
| VERNON FARTHING, III | § | |

### DEFENDANT'S MOTION FOR NOTICE OF 404(B) EVIDENCE

**TO THE HONORABLE JUDGE DAVID EZRA, SENIOR DISTRICT JUDGE FOR THE UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF TEXAS:**

COMES NOW VERNON FARTHING, III, Defendant, by and through undersigned counsel, pursuant to Federal Rule of Evidence 404(b), and respectfully moves this Honorable Court for an order requiring the Government to produce, at a reasonable time before trial, notice of any evidence of other crimes, wrongs or acts, it intends to introduce at trial and in support of same would show the following:

### FED. R. EVID. 404(b) REQUIRES NOTICE
### UPON REQUEST, REASONABLY IN ADVANCE OF TRIAL

Fed. R. Evid. 404(b) provides in pertinent part:

> "***On request by a defendant in a criminal case***, the prosecutor must: (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) ***do so before trial***...."

*See* Federal Rule of Evidence 404(b) [emphasis added]. Notice of such evidence is requested whether the government intends to use such extraneous conduct evidence ***in its case in chief, for impeachment, or in rebuttal.*** This will aid the Court in determining, at the threshold, whether such evidence should be excluded because of its unfair prejudicial quality, a concern acknowledged in *United States v. Huddleston*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771, 782 (1988). Moreover, the government must disclose evidence regardless of how it will use same. The committee notes

1

regarding Fed. R. Evid. 404(b) provide:

> "The Amendment…is intended to reduce surprise and promote early resolution on the issue of admissibility. …[It] requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial…"

*See* Notes of Committee on the Judiciary Senate Report, 1991 Amendment. The rule also provides for exclusion of evidence as a penalty for non-production[1].

Defendant requests reasonable notice by the government of its intent to introduce evidence in its case in chief of any other crimes, wrongs, or acts allegedly committed by the Defendant. The requested notice and opportunity to investigate the proposed evidence is an essential part of Mr. Farthing's right to a fair trial, effective representation by undersigned counsel, and constitutional due process pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The notice requirement of Fed. R. Evid. 404(b) serves as a condition precedent to admissibility of 404(b) evidence, the offered evidence will be inadmissible if the Court decides that the notice requirement has not been met. *See United States v. Carrillo*, 660 F.3d 914, 926 (5th Cir. 2011).

**WHEREFORE PREMISES CONSIDERED**, Mr. Farthing respectfully prays that this Honorable Court order the government to provide him with notice, reasonably in advance of trial, of 404(b) evidence it intends to use at trial regardless of how it intends to use said evidence and for any further relief under this Court's supervisory power, at law, or in equity, to which he is entitled.

---

[1] "'Because the notice requirement serves a condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met.
Nothing in the amendment precludes the court from requiring the government to provide it with an opportunity to rule *in limine* on 404(b) evidence before it is offered or even mentioned during trial. When ruling *in limine,* the Court may require the government to disclose to tit the specifics of such evidence which the Court must consider in determining admissibility." Rule 404(b) of the Rules of Evidence, 1991 Amendment [Emphasis added].

Respectfully Submitted,

**GOLDSTEIN, GOLDSTEIN, HILLEY & ORR**

By: ___/s/ Abasi D. Major_____
Abasi D. Major, Bar No.: 24096504
Cynthia E. Orr, Bar No.: 15313350
Gerald H. Goldstein, Bar No.: 08101000
John T. Hunter, Bar No.: 24077532
310 S. St. Mary's Street
29th Floor Tower Life Building
San Antonio, Texas 78205
Telephone: 210-226-1463
Facsimile: 210-226-8367
Email: abasi.major@gmail.com
Email: whitecollarlaw@gmail.com
Email: ggandh@aol.com
Email: jth753@gmail.com

**ATTORNEYS FOR VERNON FARTHING, III.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent to Mr. Joseph Blackwell, Assistant United States Attorney, as a registered participant of the CM/ECF this 9th day of October, 2018.

By: __/s/Abasi D. Major_____
Abasi D. Major

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | NO.5:17-CR-00380-DAE |
| VERNON FARTHING, III | § § | |

On this \_\_\_\_\_ day of _____, 2018, came to be considered the Defendant's Motion for pre-trial notice of 404(b) evidence, the Court having considered the merits of same, finds it:

(GRANTED) (DENIED).

_____
HON. DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE