UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO.5:17-CR-00380-DAE |
| | § | |
| VERNON FARTHING, III | § | |

**TRIAL MEMORANDUM:**
[DEFENSE ENTITLED TO EXPOSE SUBTLE, UNCONSCIOUS DESIRE TO CURRY FAVOR]

Defendant has a constitutional right to cross-examine a witness regarding his motive to curry favor and avoid prosecution, even if same only affects that witness's subconscious desire to testify favorably for the prosecution:

> 'It is especially important in a case where a witness or an accomplice may have a substantial reason to cooperate with the government that a defendant be permitted to search for an agreement between the government and the witness.' *United States v. Crumley,* 565 F.2d 945, 949 (5th Cir. 1978). **_Whether such a deal existed is not crucial._** *United States v. Mayer,* 556 F.2d 245, 249 (5th Cir. 1977). **_What counts is whether the witness may be shading his testimony in an effort to please the prosecution._** 'A desire to cooperate may be **_formed beneath the conscious level_**, in a manner not apparent even to the witness, but **_such a subtle desire to assist the state nevertheless may cloud perception._**' *Burr v. Sullivan,* 618 F.2d 583, 587 (9th Cir. 1980).

*Greene v. Wainwright*, 634 F.2d 272, 276 (5th Cir. 1981)[1]

                                                      Respectfully submitted,

                                                      By: /s/ *Gerald H. Goldstein*
                                                          Gerald H. Goldstein
                                                          Attorney for Vernon Farthing

---

[1] *See also Ortiz v. Yates,* 704 F.3d 1026 (9th Cir. 2012) [subtle motivations include the fear that inconsistent statements may result in subsequent prosecutions for false statements, *cf.* 18 U.S.C. § 1001]; *Alvarez v. Ercole,* 763 F.3d 223 (2d Cir. 2014) [unpursued lines of investigation]; *Blackston v. Rapelje,* 780 F.3d 340 (6th Cir. 2014) [evidence that witness recanted prior testimony]; *Olden v. Kentucky,* 488 U.S. 227 (1988) [motive to lie for loved ones]; *Slovik v. Yates,* 556 F.3d 747 (9th Cir. 2009) (evidence witness is currently on probation; evidence that witness has lied in a sworn statement).  This case turns on Government witness Galindo's credibility. Denying Defendant Farthing an opportunity to confront and cross-examine Galindo regarding these motives to fabricate will cause irreparably harm to his ability to present a defense.