UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO.5:17-CR-00380-DAE |
| | § | |
| VERNON FARTHING, III | § | |

**TRIAL MEMORANDUM
AND MOTION TO RECONSIDER ADMISSION OF DEFENDANT'S EXHIBIT 625**

[DEFENSE EXHIBIT 625 IS NOT HEARSAY, IS RELAVENT,
AND IS ADMISSIBLE WITHOUT A SPONSOR]

**A. Exceptions to the Hearsay Rule.**

The Government objected to Defendant's Exhibit 625 (The Management Agreement between GEO and Reeves County) on the ground that same constituted hearsay and this Honorable Court sustained said objection. Said exhibit was offered as a public record of the Reeves County Clerk's Office and contains the Certificate of Authenticity from the Reeves County Clerk and custodian of the official records of Reeves County.

Undersigned would respectfully submit that Defendant's Exhibit 625 is not hearsay. Rule 803 of the Federal Rules of Evidence expressly provides that such records are not hearsay.

> **Rule 803. Exceptions to the Rule Against Hearsay—Regardless of Whether the Declarant is Available as a Witness**
>
> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:…
>
> (8) Public Record. A record or statement of a public office. A record…of a public office if:
>
> > (A) Is sets out:
> > (i)the office's activities…
> >
> > (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness. FED. R. EVID. 803(8).

It is also a certified domestic record of a regularly conducted activity. FED. R. EVID. 803(6); 902(11). Under either exception, the document is admissible. The law presumes that such records will be kept appropriately by the public official charged with recording same, and that there will be little if any benefit in calling the witness to testify. *Chesapeake & Delaware Canal Co. v. United States,* 250 U.S. 123 (1919); *see also United States v. Berry,* 683 F.3d 1015, 1022 (9th Cir. 2012) ["'Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because – having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial – they are not testimonial'" (quoting *Melendez-Diaz v. Massachusetts,* 557 U.S. 305, 309 (2009)].

**B. Self-Authenticating.**

The exhibit further "require[s] no extrinsic evidence of authenticity in order to be admitted." FED. R. EVID. 902:

> "A copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law – if the copy is certified as correct by: (A) the custodian or another person authorized to make the certification; or (B) a certificate that complies with Rule 902(1), (2), or (3), a federal statute, or a rule prescribed by the Supreme Court." FED. R. EVID. 902(4).

Defendant's Exhibit 625 satisfies these requirements. It is attested to by an affidavit executed pursuant to 28 U.S.C. § 1746. It is signed by the County Clerk and bears the seal of the Reeves County Commissioners' Court. The exhibit is admissible without a sponsor as a self-authenticated exception to the hearsay rules. *United States v. Beason,* 690 F.2d 439, 444 (5th Cir. 1982) (certification by 'the officer having legal custody of the record' eliminates need for testimony of custody and of delegation.).

**C. Relevant.**

Mr. Farthing has testified that his understanding of the relationship between Reeves County and GEO was that GEO was granted full authority for management of the Reeves County correctional facilities, as well as the right to approve any and all contracts regarding subcontractors, etc. Evidence that Reeves County had entered into a contract reflecting that Reeves County had actually entered into just such an agreement with GEO goes to the reasonableness of Mr. Farthing's belief in the existence of such a relationship, regardless whether he was aware of

the actual contract (i.e. the fact that Reeves County had contracted with GEO to manage their facility is circumstantial evidence that they acted accordingly; all of which corroborates the reasonableness of Defendant Farthing's belief and testimony). It is thus relevant evidence. FED. R. EVID. 401, 402, & 403; *See also* W. Lafave A. Scott, Handbook on Criminal Law § 29, at 208 (1972)

CONCLUSION AND PRAYER

Defendant Farthing would respectfully request that this Honorable Court reconsider it's ruling on the Government's hearsay objection to Defendant's Exhibit 625 and admit same into evidence.

                              Respectfully submitted,

                          By: /s/ *Gerald H. Goldstein*
                                Gerald H. Goldstein
                                Attorney for Vernon Farthing