FILED

NOV 0 7 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| USA | § | |
| | § | |
| vs. | § | NO: SA:17-CR-00380(2)-DAE |
| | § | |
| (2) Vernon C. Farthing III | § | |

# **Final Jury Instructions**

## COURT'S INSTRUCTION NO. 1

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## COURT'S INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions. You must disregard those questions. Do not speculate as to what the witness would have said if permitted to answer the question. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence that has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

# COURT'S INSTRUCTION NO. 5

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses including the defendant who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of

other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

You may accept or reject the testimony of any witness in whole or in part. The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. It is the quality and nature of the evidence that should determine the weight you give it. You may find that the testimony of a smaller number of witnesses, or even a single witness, as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. The credit that you will give to the testimony offered by the various witnesses is something which you must determine.

The testimony of the defendant should be weighed, and his credibility evaluated, in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never

imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

# COURT'S INSTRUCTION NO. 7

Where a defendant has offered evidence of, or opinion testimony concerning, a good general reputation for truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## COURT'S INSTRUCTION NO. 8

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

# COURT'S INSTRUCTION NO. 9

In this case the government called as one of its witnesses an alleged accomplice, named as a co-conspirator in the indictment, with whom the government has entered into a plea agreement. This agreement provides for a binding and non-binding recommendation for a favorable sentence, and an agreement that the government not bring additional charges based upon the charges for which he pled guilty. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with greater care than that of an ordinary witness. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

# COURT'S INSTRUCTION NO. 10

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes on a date reasonably near the dates stated in the indictment.

# COURT'S INSTRUCTION NO. 11

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Western District of Texas but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district. An overt act is an act performed to effect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Western District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Bexar County and Reeves County are within the Western District of Texas.

# COURT'S INSTRUCTION NO. 12

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

# COURT'S INSTRUCTION NO. 13

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any count.

# COURT'S INSTRUCTION NO. 15

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

# COURT'S INSTRUCTION NO. 16

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

COURT'S INSTRUCTION NO. 17

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

## COURT'S INSTRUCTION NO. 18

Commerce includes travel, trade, transportation, and communication.

# COURT'S INSTRUCTION NO. 19

Exhibits 42A, 43A, and 44A have been identified as typewritten transcripts of the oral conversations which can be heard on the tape recordings received in evidence as Exhibits 42, 43, and 44. The transcripts also purport to identify the speakers engaged in such conversation.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recordings, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the tape recordings themselves as the primary evidence of their own contents; and, if you should determine that the transcripts are in any respect incorrect or unreliable, you should disregard them to that extent. It is what you hear on the tapes that are evidence, not the transcripts.

## COURT'S INSTRUCTION NO. 20

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

# COURT'S INSTRUCTION NO. 21

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve.

## COURT'S INSTRUCTION NO. 22

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

Title 18, United States Code, Section 666(a)(1)(B) makes it a crime for an agent of a local government or any agency thereof that receives more than $10,000 in federal assistance, in any one year period, to corruptly solicit or demand for the benefit of any person, or to corruptly accept or agree to accept anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such government or agency involving anything of value of $5,000 or more. The defendant is charged with conspiring to commit the offense of bribery concerning programs receiving federal funds, in violation of § 371 and § 666(a)(1)(B).

The defendant is also charged with conspiracy to commit money laundering in Count 2 of the Indictment which I will explain later.

A "conspiracy is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the prosecution has proved each of the following beyond a reasonable doubt:

*First:* That the defendant and at least one other person made an agreement to commit the crime of bribery concerning programs receiving federal funds (the elements of which are discussed below), as charged in the indictment; I instruct you that the parties have stipulated that Reeves County, Texas is a local government agency that received in excess of $10,000 of federal funds annually.

*Second:* That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third:* That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him of a conspiracy.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

The first element of the charged conspiracy in Count One is that the defendant and at least one other person made an agreement to commit the crime of bribery concerning programs receiving federal funds, as charged in the indictment. To aid you in determining whether the defendant agreed to commit this crime, you are instructed that the elements of that crime are as follows:

27

*First*: that Jimmy Galindo was an agent of Reeves County, Texas at some point within the time frame of the charged conspiracy. The term "agent" means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager and representative.

*Second*: That Reeves County, Texas was a local government agency that received, in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

*Third*: That Jimmy Galindo corruptly solicited, demanded for the benefit of any person, accepted, or agreed to accept anything of value from any person with the intent to be influenced or rewarded in connection with any business, transaction, or series of transactions of Reeves County;

*Fourth*: That the business, transaction, or series of transactions involved anything of value of $5,000 or more.

The term "agent" means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager and representative.

The term "government agency" means a subdivision of the executive, legislative, judicial or other branch of government, including a department, independent establishment, commission, administration, authority, board, and bureau, and a corporation or other legal entity established, and subject to control, by a government or governments for the execution of a governmental or intergovernmental program.

The term "local" means of or pertaining to a political subdivision within a State.

The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "in any one-year period" means a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. Such period may include time both before and after the commission of the offense.

An act is "corruptly" done if it is done intentionally with an unlawful purpose; "corruptly" means that the act was done voluntarily and intentionally and with the bad purpose of accomplishing either an unlawful end or result, or a lawful end or result by some unlawful method or means. The motive to act corruptly

requires a specific intent to attempt to gain either a financial or other benefit to oneself or some profit or benefit to another.

It is not necessary for the Government to prove that the defendant was motivated solely by a corrupt intent to be influenced or rewarded in connection with some business, transaction, or series of transactions of the local government or agency. It is enough if the defendant was motivated in part by such corrupt intent.

The word "value" means the face, par, market value, or cost price, either wholesale or retail, whichever is greater.

It is not necessary to prove that the defendant's conduct directly affected the federal funds received by the agency under the federal program. However, there must be some connection between the criminal conduct and the organization local government receiving federal assistance.

It is not a defense to claim that a public official would have lawfully performed the official action in question even without having accepted or solicited a thing of value.

Further, a public official may still corruptly enter into a quid pro quo, knowing that the purpose behind the payment that he has received, or agreed to receive, is to induce or influence him in an official act, even if he has no intention of actually fulfilling his end of the bargain.

For the public official, bribery includes the public official's solicitation or agreement to accept a thing of value in exchange for official action, whether or not the payor actually provides the thing of value, and whether or not the public official ultimately performs the requested official action or intends to do so.

The public official and the payor need not state the quid pro quo in express terms. Rather, the intent to exchange may be established by circumstantial evidence, based upon the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

It is not a defense to claim that a public official would have lawfully performed the official action in question even without having accepted a thing of value. In other words, it is not a defense that the offer or promise of anything of value was made to the public official in exchange for an official action that is actually lawful, desirable, or even beneficial to the public.

Also, because people rarely act for a single purpose, the giver need not have offered or provided the thing of value only in exchange for specific official actions, and the public official need not have solicited or accepted the thing of value only in exchange for the performance of official action. If you find beyond a reasonable doubt that the giver offered or provided a thing of value in exchange for

the performance of official action, then it makes no difference that the giver may also have had another lawful motive for providing a thing of value. Likewise, if you find beyond a reasonable doubt that a public official solicited or received a thing of value in exchange for the performance of official action, then it makes no difference that the public official may also have had another lawful motive for soliciting or accepting the thing of value.

"Anything of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something. This includes a sum of money, shares of stock, percentage of revenue, inventory, commissions, favorable treatment, or a job or job offer. It also includes things of value given not to the public official but to a family member or third party for the benefit of the public official and at the official's knowing direction.

In determining whether the defendant is guilty of this offense, do not consider *bona fide* salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

Now some of the people who may have been involved in this conspiracy are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

# COURT'S INSTRUCTION NO. 23

Title 18, United States Code, Section 1956(h) and Title 18, United States Code Section 1956(a)(1)(B)(1) make it a crime for anyone to conspire with someone else to commit the offense of laundering monetary instruments which makes it a crime for anyone to conduct or attempt to conduct a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of illegal activity, knowing the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

Count 2 of the Indictment charges the defendant with engaging in Conspiracy to Launder the Proceeds of Unlawful Activity.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of the crime charged in Count 2, you must be convinced that the government has proven beyond a reasonable doubt that the defendant and at least one other person made an agreement to commit the crime of laundering monetary instruments, that is:

34

*First*: knowingly conducting or attempting to conduct a financial transaction involving the proceeds of Bribery in violation of Title 18, United States Code, Section 666(a)(1)(B);

*Second*: knowing that the property involved or to be involved in the financial transaction represented the proceeds of some form of unlawful activity;

*Third*: knowing that the transaction is or was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

*Fourth*: that the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If the defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the

details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition, or with respect to a financial institution, a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" includes any "transaction," as that term has just been defined which in any way or degree affects interstate or foreign

commerce, involving the movement of funds by wire or other means, one or more monetary instruments, or the transfer of title to any real property, vehicle, vessel, or aircraft; or which involves the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The term "monetary instruments" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, and money orders.

The term "financial institutions" includes, among others, an insured bank, a commercial bank, a private banker, an agency or branch of a foreign bank in the United States, any credit union, a currency exchange, an issuer, redeemer, or cashier of money orders, an operator of a credit card system, and the United States Postal Service. I instruct you that the Bank of America and Chase Bank are both insured by the FDIC, and are thus both "financial institutions" as defined herein.

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate or foreign commerce. If you decide that there would be any effect at all

on interstate or foreign commerce, then that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

Unlike the conspiracy in Count 1 of the Indictment, for Count 2, the government need not prove that the defendant committed or engaged in any overt act in furtherance of the conspiracy.

## COURT'S INSTRUCTION NO. 24

The defendant has raised the affirmative defense of withdrawal from the conspiracies charged in Counts 1 and 2 of the Indictment prior to the expiration of the statute of limitations. As described below, the defendant bears the burden of showing that he withdrew from the conspiracy more than five years before the indictment was returned. The indictment in this case was returned on May 16, 2017.

A member of a conspiracy remains in the conspiracy unless he can show that at some point he completely withdrew from the conspiracy. A partial or temporary withdrawal is not sufficient. The defense of withdrawal requires the defendant to make a substantial showing that he took some affirmative step to terminate or abandon his participation in the conspiracy. In other words, the defendant must demonstrate some type of affirmative action that disavowed or defeated the purpose of the conspiracy. This would include, for example, voluntarily going to the police or other law enforcement officials and telling them about the plan; telling the other conspirators that he did not want to have anything more to do with it; or any other affirmative acts that were inconsistent with the object of the conspiracy and communicated in a way reasonably likely

to reach the other members. Merely doing nothing or just avoiding contact with other members is not enough.

The defendant has the burden of proving withdrawal from the conspiracy by a preponderance of the evidence. To prove something by a preponderance of the evidence means to prove that it is more likely so than not so. This is a lesser burden of proof than to prove something beyond a reasonable doubt. "Preponderance of the evidence" is determined by considering all the evidence and deciding what evidence is more convincing. You should consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them. If the evidence appears to be equally balanced, or if you cannot say upon which side it weighs more heavily, you must resolve this question against the defendant.

The fact that the defendant has raised this defense, however, does not relieve the government of its initial burden of proving beyond a reasonable doubt that there was an unlawful agreement and that the defendant knowingly and voluntarily joined it.

A conspiracy does not automatically terminate when the government, unbeknownst to some of the conspirators, has defeated the object of the conspiracy.

COURT'S INSTRUCTION NO. 25

As for Count One, you are instructed that the Government must prove the conspiracy it has charged. That is, that Vernon Farthing, III, conspired with Jimmy Galindo and Carlos Uresti to use Galindo's official position as Reeves County Judge to enrich themselves by Galindo soliciting and accepting payments and other things of value from Farthing, PNA, and its successor companies in exchange for favorable official action and to hide and cover-up this conspiracy from the taxpayers, citizens, and county commissioners of Reeves County through the use of payments to Uresti. If you find that the Government has proven some agreement other than the one charged, you must acquit the Defendant as to Count One. Proof that an agreement existed is an element of the offense which the Government must prove beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 26

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The foreperson's opinion does not carry any more or less weight than the opinions of the remaining jurors.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.